IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOYCE MICHELLE DAVIDSON, | § § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 2:11-CV-0117-J |
| REGION 16 EDUCATION SERVICE CENTER, | § § § § | |
| Defendant, | § | |

## OPINION AND ORDER

Before the Court is Defendant's *Motion to Dismiss Plaintiff's Original Complaint* filed on July 29, 2011. Plaintiff Davidson filed suit on May 31, 2011, alleging, *inter alia*, she was terminated for opposing unlawful practices by Region 16 Education Service Center under HIPAA (Health Information Portability and Accountability Act) and the Texas Whistleblower Act. Davidson alleges Region 16 was violating HIPAA law. She claims she was discriminated and retaliated against and terminated from her position at Defendants for bringing to light HIPAA violations to her supervisors.

Defendant has moved to dismiss the suit, arguing Plaintiff's claim under HIPAA is barred in federal court by Eleventh Amendment immunity. Defendant also argues Plaintiff fails to state a claim upon which relief may be granted because HIPAA does not contain a private cause of action for violations of HIPAA. Plaintiff argues Region 16 Education Service Center has waived its sovereign immunity for "retaliatory personnel decisions" and that the federal courts have jurisdiction of her cause of action.

The Eleventh Amendment bars an individual from suing in federal court unless the state voluntarily waives its immunity or Congress validly abrogates a state's sovereignty through an act of Congress. *See* U.S. Const. amend. XI; *see e.g, Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The Fifth Circuit in *Perez v. Region 20 Education Service Center*, 307 F.3d 319 (5th Cir. 2009), states that it uses a six factor test to determine whether a government institution is an "arm of the state" and entitled to sovereign immunity. The factors are: (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use the property. *See Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999). In *Perez*, the Fifth Circuit analyzed those factors and found:

> Each of the six counsels in favor of immunity, some more strongly than others. Combined, these factors make it clear that Region 20, as one of Texas's Education Service Centers, is properly considered an arm of the State of Texas and thus enjoys Eleventh Amendment immunity from suit in federal court.

*Perez* at 331. Plaintiff argues that Texas, under § 554 of the Texas Government Code, has waived its sovereign immunity for state entities accused of retaliatory personnel decisions. TEX. GOV'T CODE § 554.0035 (2010). In *Perez*, The Fifth Circuit ruled § 554 of the Texas Government Code waives Texas' sovereign immunity for claims brought under the Texas Labor Code in state court but that it does not waive federal Eleventh Amendment immunity. *See Perez*, 307 F.3d at 333 (citing *Martinez v. Texas Dep't. of Crim. Justice*, 300 F.3d 567, 575-77 (5th Cir. 2010)).

Plaintiff is barred from bringing suit in federal court against Region 16 Education Service Center because, as an arm of the state, it is entitled to Eleventh Amendment immunity. Because this Court does not have jurisdiction it does not address the merits of Plaintiff's case.

The case will be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 28th day of September 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE